816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Abby MACLEAN; Roberta L. White; Jean Urban; Gerri Foster;
Kimberly A. Rowan; Richard S. Chisholm,
Plaintiffs-Appellants,
v.
Donald L. ALEXANDER, individually and as President, Allegany
Community College; Herbert Hall, individually and as Dean
of Instructional Services, Allegany Community College;
James M. Snider, individually and as Associate Dean of
Student Services; Board of Trustees, Allegany Community
College; Miriam D. Sanner, individually and as Chairman,
Board of Trustees; Thomas B. Finan, Jr., individually and
as Vice Chairman, Board of Trustees; Howard A. Buchanan,
individually and as a member, Board of Trustees; Ivan A.
Hall, individually and as a member, Board of Trustees;
Margaret W. Long, individually and as a member, Board of
Trustees; David H. Miller, individually and as a member,
Board of Trustees; Stanley E. Zorick, individually and as a
member, Board of Trustees; James Mellon; Robert Kirk;
Frances Liebfried; Keyoung Ja Gill, Defendants-Appellees.
Abby MACLEAN; Roberta L. White; Jean Urban; Plaintiffs-Appellants,
and
Gerri Foster; Kimberly A. Rowan; Richard S. Chisholm, Plaintiffs,
v.
Donald L. ALEXANDER, individually and as President, Allegany
Community College; Herbert Hall, individually and as Dean
of Instructional Services, Allegany Community College;
James M. Snider, individually and as Associate Dean of
Student Services; Board of Trustees, Allegany Community
College; Miriam D. Sanner, individually and as Chairman,
Board of Trustees; Thomas B. Finan, Jr., individually and
as Vice Chairman, Board of Trustees; Howard A. Buchanan,
individually and as a member, Board of Trustees; Ivan A.
Hall, individually and as a member, Board of Trustees;
Margaret W. Long, individually and as a member, Board of
Trustees; David H. Miller, individually and as a member,
Board of Trustees; Stanley E. Zorick, individually and as a
member, Board of Trustees; James Mellon; Robert Kirk;
Frances Liebfried; Keyoung Ja Gill, Defendants-Appellees.
 Nos. 86-3549, 86-3586.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1987.
Decided April 10, 1987.
 
 Before SPROUSE and WILKINSON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 Glen Marcus Fallin, for appellants.
 Nanette Debra Levine (Daniel I. Sherry; James Alfred Avirett, on brief), for appellees.
 PER CURIAM:
 
 
 1
 This case comes before the court on appeal from the action of the United States District Court for the District of Maryland in granting certain motions for partial summary judgment which resulted in judgment for the appellees (hereinafter defendants).
 
 
 2
 In the brief of appellants (hereinafter plaintiffs), seven basic errors are asserted, which seven errors are broken into subparts, so that an aggregate total of twenty-one errors are asserted. The briefs are accompanied by a joint appendix in four volumes, containing 424 pages. The joint appendix contains only "relevant" docket entries, but it appears that in a series of rulings on motions for partial summary judgment filed by the defendants all of the claims asserted by all of the plaintiffs against all of the defendants were dismissed, and summary judgment was ultimately granted to all defendants against all plaintiffs. The case is before this court on appeal of the judgment in favor of all defendants, and the denial of the plaintiffs' efforts to obtain summary judgment.
 
 
 3
 In the case below, the third amended complaint sought redress for violation of rights pursuant to 42 U.S.C. Sec. 1983, asserted violations of the Equal Pay Act, 29 U.S.C. Sec. 206(d)(1), and asserted violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq., the complaint seeking under these statutes to redress alleged violations of free speech rights of the plaintiffs, sex discrimination in compensation and in terms and conditions of employment, and deprivation of equal protection of the laws.
 
 
 4
 Essentially, three plaintiffs, namely, Urban, MacLean, and White, were teachers at Allegany Community College, while the remaining three plaintiffs, Foster, Rowan, and Chisholm, were students at that institution. The teacher-plaintiffs asserted that they were deprived of their right to freedom of speech, in that they were constructively discharged in two cases, and that the teaching contract was not renewed in the third case, for communicating various concerns about the mathematics department of the college to the appropriate administrative officials in that college. The teacher-plaintiffs further assert that they were paid less than their male counterparts, that they were subject to discrimination on the basis of their sex, and that they had been deprived of equal protection of the laws.
 
 
 5
 The student-plaintiffs challenge the imposition of certain sanctions on the grounds that those sanctions were imposed in the case of Chisholm because of his exercise of his right to freedom of speech, and in the cases of Rowan and Foster because of various deprivations of due process, both procedural and substantive, arising out of incidents involving a student election and the improper acquisition of one of the ballots before the election, together with the assertion that the sanctions were imposed on them because of their support for the three teacher-plaintiffs.
 
 
 6
 In what appear to have been extensive discovery efforts, a myriad of facts was adduced. From those facts, the defendants assert in support of their summary judgment that there was no material issue genuinely in dispute. Ample evidence was adduced by defendants to show that two of the teacher-plaintiffs voluntarily quit work, one because her husband was being moved, and the third teacher-plaintiff had her contract for teaching not renewed when it expired, this third teacher not then being tenured. Further, ample evidence was adduced showing that there were reasons other than the alleged exercise of the teacher-plaintiffs' right to freedom of speech for the termination of the third teacher. The same evidence of permissible reasons was shown to apply to the two teachers who had left voluntarily.
 
 
 7
 As to the student-plaintiffs, the defendants adduced ample evidence to show the lack of impact of the sanctions on two students, in that the sanctions would have prohibited the two students from voting in the student election, which election, however, was postponed for a period beyond the time of the sanctions, so that these two students in fact did vote in the student election when it was later rescheduled. Further, ample evidence was adduced by the defendants to show that the third student was disciplined by sanctions which were based on conduct not within the protections afforded to speech.
 
 
 8
 In contrast, the plaintiffs' arguments in undertaking to sustain their burdens are inferential and conclusory.
 
 
 9
 In its rulings, the court below found that no material facts necessary to the decision of the motions for partial summary judgment were genuinely in dispute, from which the court concluded ultimately that summary judgment for the defendants was appropriate, and that the efforts at obtaining summary judgment by the plaintiffs should be denied.
 
 
 10
 The judgment of the court below in granting summary judgment to the defendants shall be
 
 
 11
 AFFIRMED.